IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HARRIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIVERSITY OF CHICAGO, and University ) <br> of Chicago Police Officer Sergeant DAVID ) <br> DAVIS, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 12-CV-8551 <br><br> Judge Honorable Harry D. Leinenweber <br><br> Magistrate Judge Maria Valdez |

### ANSWER TO COMPLAINT

Defendants, the UNIVERSITY OF CHICAGO and University of Chicago Police Officer SERGEANT DAVID DAVIS, by their attorneys, Steven M. Puiszis and Corinne C. Heggie, and for their Answer to Plaintiff's Complaint, state as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER: Defendants admit Plaintiff has filed a civil action seeking damages claiming that Defendants allegedly deprived Plaintiff of his rights under the Constitution. Defendants deny that Plaintiff has any valid claim or cause of action against them by virtue of or arising out of the Constitution and deny they violated Plaintiff's constitutional rights.**

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**ANSWER: Defendants admit the existence of the statutory provisions cited in paragraph 2, admit the existence of the United States Constitution and admit that jurisdiction is properly vested in the district court.**

## PARTIES

3. Plaintiff is a citizen of the United States of America, who at all times relevant resided in Chicago, Cook County, Illinois.

**ANSWER: Defendants admit the allegations set forth in paragraph 3 of Plaintiff's Complaint.**

4. Defendant David Davis, was, at the time of this occurrence, a duly licensed University of Chicago Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

**ANSWER: Defendants admit that David Davis was employed by the University of Chicago, admit that all times herein mentioned he was acting as an employee of the University and admit he is being sued in his individual capacity. Further answering, Defendants deny each and every remaining allegation contained in paragraph 4 of Plaintiff's Complaint.**

5. Defendant University of Chicago, ("University") was a private educational institution that maintained, managed, and/or operated the University of Chicago Police Department and was the employer and principal of the police officer defendants. At all times relevant, the State of Illinois delegated the public functions traditionally performed by exclusively municipal police officers and county sheriffs, state actors, to the University of Chicago.

**ANSWER: Defendants admit that the University of Chicago is a private educational institution which operates its own police department as part of a private**

130526911 0940938

**educational institution and was the employer of David Davis. Further answering, Defendants deny each and every remaining allegation contained in paragraph 5 of Plaintiff's Complaint.**

## FACTS

6. On October 24, 2010, at or near 6300 South Ingleside Avenue at approximately 3:25 p.m., Plaintiff James Harris encountered University of Chicago Police Department Sergeant David Davis.

**ANSWER: Defendants admit that at approximately 3:30 P.M. on October 24, 2010 Plaintiff was in a public place in the City of Chicago and encountered Defendant Sergeant David Davis. Defendants deny each and every remaining allegation contained in paragraph 6 of Plaintiff's Complaint.**

7. Without probable cause or any other legal basis, Defendant Davis seized the Plaintiffs person.

**ANSWER: Defendants deny the allegations as set forth in paragraph 7 of Plaintiff's Complaint.**

8. Without probable cause or any other legal basis, Defendant Davis employed excessive, unnecessary, and unreasonable force against the Plaintiff.

**ANSWER: Defendants deny the allegations as set forth in paragraph 8 of Plaintiff's Complaint.**

9. Defendant Davis did not charge Plaintiff with a crime.

**ANSWER: Defendants admit the allegations as set forth in paragraph 9 of Plaintiff's Complaint.**

130526911 0940938

10. As a direct and proximate result of the malicious actions of Defendant Davis, Plaintiff was injured, including loss of freedom, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, physical injuries, lost time, and emotional distress.

**ANSWER:** Defendants deny the allegations as set forth in paragraph 10 of Plaintiff's Complaint.

## Count I
### Section 1983 Fourth Amendment Violations —Illegal Search and Seizures

11. Plaintiff realleges each of the preceding paragraphs, as if fully set forth herein.

**ANSWER:** Defendants restate and reallege their answers to the preceding paragraphs as and for their answer to paragraph 11 of Count I of Plaintiff's Complaint.

12. The searches and seizures of the plaintiff's person and property performed willfully and wantonly by the Defendant, as detailed above, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations as set forth in paragraph 12 of Count I of Plaintiff's Complaint.

13. As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused the plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

**ANSWER:** Defendants deny the allegations as set forth in paragraph 13 of Count I of Plaintiff's Complaint. Defendants deny that plaintiff suffered any injuries or sustained any damages as the proximate result of any improper or unlawful action by the defendants.

130526911 0940938

### Count II
### 42 U.S.C. Section 1983 Violations — Excessive Force

14. Plaintiff realleges each of the preceding paragraphs, as if fully set forth herein.

**ANSWER:** **Defendants restate and reallege their answers to the preceding paragraphs as and for their answer to paragraph 14 of Count II of Plaintiff's Complaint.**

15. The actions of the Officer Defendant constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

**ANSWER:** **Defendants deny the allegations as set forth in paragraph 15 of Count II of Plaintiff's Complaint.**

16. As a proximate result of the above-detailed actions of defendant, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, and fear.

**ANSWER:** **Defendants deny the allegations as set forth in paragraph 16 of Count II of Plaintiff's Complaint. Defendants deny that plaintiff suffered any injuries or sustained any damages as the proximate result of any improper or unlawful action by the defendants.**

### Count III
### Respondeat Superior

17. Plaintiff realleges each of the preceding paragraphs, as if fully set forth herein.

**ANSWER:** **Defendants restate and reallege their answers to the preceding paragraphs as and for their answers to paragraph 17 of Count III of Plaintiff's Complaint/**

18. Defendant University of Chicago is the employer of Defendant Officer David Davis.

**ANSWER:** **Defendants admit that David Davis is employed by the University of Chicago.**

130526911 0940938

19. Defendant Officer committed the acts alleged above under color of law and in the scope of their employment as employees of the University of Chicago.

**ANSWER:** **Defendants admit that defendant David Davis was acting in the course and scope of employment at all times material and relevant hereto, but deny the allegations as set forth in paragraph 19 of Count III of Plaintiff's Complaint.**

WHEREFORE, Plaintiff, JAMES HARRIS, is not entitled any judgment in his favor or any damages or any attorneys fees in any amount whatsoever.

## AFFIRMATIVE DEFENSES

Defendants, THE UNVERSITY OF CHICAGO and University of Chicago Police Officer Sergeant DAVID DAVIS, by their attorneys, Steven M. Puiszis and Corinne C. Heggie, and in the alternative, hypothetically, and without prejudice to their denials and other statements made in their pleadings, as and for their Affirmative Defenses to Plaintiff's Complaint, state:

### First Affirmative Defense

Defendant Sergeant DAVID DAVIS is entitled to qualified immunity from the §1983 claims brought against him.

### Second Affirmative Defense

Plaintiff has failed to state a valid cause of action upon which relief can be granted against THE UNVERSITY OF CHICAGO. Respondent Superior is not a basis to impose liability under 42 U.S.C. §1983.

### Third Affirmative Defense

Defendant Sergeant DAVID DAVIS was permitted to use reasonable force against the Plaintiff when investigating whether assistance is needed, or in restraining plaintiff's freedom of movement or in defending himself or another female officer against Plaintiff's threatened use of force.

130526911 0940938

**Fourth Affirmative Defense**

Reasonable grounds to believe criminal activity was afoot and/or probable cause existed for Plaintiff's temporary detention.

**Fifth Affirmative Defense**

To the extent Plaintiff has failed to mitigate his injuries and damages, any judgment or award entered in his favor should be limited or reduced to the extent Plaintiff could have avoid those damages by taking reasonable steps to minimize any such damages.

WHEREFORE, Defendants pray that this Honorable Court enter judgment in their favor as to all claims brought against them on these, their Affirmative Defenses.

Respectfully submitted,

By: *s/Corinne C. Heggie*
One of the Attorneys for Defendants, The University of Chicago and University of Chicago Police Officer Sergeant David Davis

Steven M. Puiszis, Esq.
Corinne C. Heggie, Esq.
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000
spuiszis@hinshawlaw.com
cheggie@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, on oath state that on **March 1, 2013,** I served the above and foregoing **Answer to Complaint** via electronic mail to the following:

Jared Samuel Kosoglad
Jared S. Kosoglad, P.C.
118 S. Clinton Avenue
Suite 200
Chicago, IL 60661
jared@jaredlaw.com

        Respectfully submitted,

        */s/Corinne C. Heggie*
        One of the Attorneys for Defendants,
        University of Chicago and University of Chicago
        Police Officer Sergeant David Davis

Steven M. Puiszis
Corinne C. Heggie
Hinshaw & Culbertson LLP
222 No. LaSalle St.
Suite 300
Chicago, IL 60601-1081
(312) 704-3000
spuiszis@hinshawlaw.com
cheggie@hinshawlaw.com